UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TRAMMELL, individually and on behalf of all those similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>KLN ENTERPRISES, INC., dba Wiley Wallaby, a Minnesota corporation,<br><br>                        Defendant. | Case No.: 3:23-cv-01884-H-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Doc. No. 6.] |

On October 16, 2023, Plaintiff Mark Trammell ("Plaintiff") filed a class action complaint against Defendant KLN Enterprises, Inc., dba Wiley Wallaby ("Defendant"). (Doc. No. 1.) On December 21, 2023, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). (Doc. No. 6.) On January 12, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 7.) On January 22, 2024, Defendant filed a reply. (Doc. No. 10.) On February 13, 2024, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motion on the parties' papers. (Doc. No. 12.) For the reasons below, the Court grants Defendant's motion to dismiss with leave to amend.

/ / /

/ / /

## BACKGROUND

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff is a resident and citizen of the state of California. (Doc. No. 1, Compl. ¶ 1.) Defendant manufactures and sells licorice candies including, Wiley Wallaby Very Berry Licorice. (Id. at 1.) On or about May 23, 2023, Plaintiff claims that he purchased Wiley Wallaby Very Berry Licorice from a Target in Encinitas, California. (Id. ¶ 18.) Plaintiff alleges that he "is a student who attempts to eat 'clean' . . . and he prefers to consume only products that contain all-natural ingredients and flavorings." (Id. ¶ 19.) Plaintiff further alleges that he "carefully reviews food and product labels, including the [Wiley Wallaby Very Berry Licorice] label, to understand the characteristics of the products he consumes." (Id.)

The packaging for Defendant's product states that it is "Natural Strawberry & Raspberry Flavored Licorice," "Naturally Flavored," and "Free of . . . Artificial Colors & Flavors." (Id. ¶ 21.) Plaintiff alleges that these statements are reinforced by depictions of fruits. (Id.) As an example of such statements, Plaintiff provides in his complaint the following images depicting the packaging for Defendant's Wiley Wallaby Very Berry Licorice:[1]

///

///

---

[1] "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Here, the Court considers Defendant's Wiley Wallaby Very Berry Licorice labels as part of the complaint for purposes of the instant motion because Plaintiff relies on Defendant's Wiley Wallaby Very Berry Licorice labels in the complaint and defines the term "the Products" as "Wiley Wallaby Very Berry Licorice" in the complaint. See In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Because Plaintiffs incorporate by reference Mr. Hunt's declaration, relying on portions of it in their complaint, we may properly consider the declaration in its entirety." (citations omitted)).



(Id.)

Plaintiff alleges that those representations on Defendant's packaging are false and misleading because Wiley Wallaby Very Berry Licorice is flavored "using an artificial flavoring, DL malic acid, that is derived from petrochemicals." (Id. ¶ 22.) Plaintiff asserts that "[w]hile there is a naturally occurring form of malic acid, . . . testing conducted on June 28, 2023 by an independent third-party laboratory of the Products purchased by Plaintiff, confirmed the presence of the 'D' isomer of malic acid in the Products[,] [which] means that the malic acid that Defendant uses in these Products is . . . a synthetic substance derived from petrochemicals." (Id. ¶ 23.) Plaintiff claims that he reviewed the product's labels, including the statement that Wiley Wallaby Very Berry Licorice is naturally flavored, prior to purchasing the product. (Id. ¶ 44.) Plaintiff also contends that he relied on the labels' statements and would not have purchased the product or would have only been willing to pay a substantially reduced price had he known about Defendant's alleged misrepresentations. (Id. ¶ 49.)

On October 16, 2023, Plaintiff filed a class action complaint against Defendant, alleging claims for: (1) violations of the California Consumers Legal Remedies Act

("CLRA"), California Civil Code §§ 1750, *et seq.*; (2) unjust enrichment; and (3) breach of express warranty. (Id. ¶¶ 71–93.) By the present motion, Defendant moves pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6) to dismiss Plaintiff's complaint in its entirety. (Doc. No. 6 at 2; Doc. No. 6-1 at 9, 26.)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id.

**B.   Federal Rule of Civil Procedure 9(b)**

Claims based in fraud require a heightened particularity in pleading. See Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Id. The circumstances required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." Id.

This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

Additionally, it "attempts to protect defendants from the harm that may come to their reputations or to their goodwill when they are charged with wrongdoing: '[I]t has been said [that the requirement] is necessary to safeguard potential defendants from lightly made claims charging the commission of acts that involve some degree of moral turpitude.'" Macchiavelli v. Shearson, Hammill & Co., Inc., 384 F. Supp. 21, 28 (E.D. Cal. 1974) (quoting Wright and Miller, 5A Federal Practice and Procedure: Civil § 1296 (3rd ed.)).

### C. Article III Standing

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a federal court is to first determine its jurisdiction over the dispute. See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007); Ellis v. J.P. Morgan Chase & Co., 950 F. Supp. 2d 1062, 1071 (N.D. Cal. 2013). A court sustains a facial attack on subject matter jurisdiction if "the allegations contained in the complaint [or on matters which the court can take judicial notice of] are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Article III limits the jurisdiction of federal courts to "cases" and "controversies," which is delineated by the doctrine of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must first have suffered an "injury in fact" which is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." Id. (citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant . . . ." Id. (citations and alterations omitted). Finally, it must be "likely" that the "injury will be redressed by a favorable decision." Id. (citations omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Moreover, "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 185 (2000)).

      The Ninth Circuit has held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Davidson, 889 F.3d at 969. "A customer who is deceived by false advertising may have standing to seek injunctive relief forbidding the defendant from engaging in the same false advertising again[,]" if the consumer can "establish the threat of actual and imminent injury." Jackson v. General Mills, Inc., No. 18-cv-02634-LAB-BGS, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020) (emphasis removed) (discussing Davidson, 889 F.3d at 967). The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (internal citations omitted). While "[a] plaintiff who is deceived by false advertising may be injured by her inability to rely on advertising in the future[,] where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." Jackson, 2020 WL 5106652, at *5; Rahman v. Mott's LLP, No. 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018); Fernandez v. Atkins Nutritionals, Inc., No. 17-cv-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018)).

**II.   ANALYSIS**

      Defendant moves pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6) to dismiss Plaintiff's complaint with prejudice. (Doc. No. 6 at 2; Doc. No. 6-1 at 9, 26.) Specifically, Defendant argues that: (1) Plaintiff fails to plead his claims, which Defendant argues are all grounded in fraud, with sufficient particularity as required by Fed. R. Civ. P. 9(b); (2) Plaintiff's CLRA claim does not pass the reasonable consumer test; (3) Plaintiff lacks Article III standing to pursue his claim for injunctive relief; and (4) Plaintiff cannot pursue equitable remedies because he has failed to plead facts establishing that his legal remedies are inadequate. (Doc. No. 6 at 2; Doc. No. 6-1 at 9.)

### A. Failure to State a Claim

Defendant argues that Plaintiff fails to state a claim under Rule 9(b)'s heightened pleading standard. (See Doc. No. 6-1 at 18–19; Doc. No. 10 at 8–10.) Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in civil cases brought in federal court. See Fed. R. Civ. P. 9(b). Specifically, the Ninth Circuit has held that Rule 9(b) applies to CLRA claims that are grounded in fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Additionally, the Ninth Circuit has held that a claim is "grounded in fraud" for the purposes of Rule 9(b) where "the plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." Vess, 317 F.3d at 1103–04.

Here, Plaintiff's claims rely entirely on the same course of alleged conduct: Defendant fraudulently misrepresents that Wiley Wallaby Very Berry Licorice is "Natural Strawberry and Raspberry Flavored Licorice," "Naturally Flavored," and "Free of . . . Artificial Colors & Flavors" because it contains artificial malic acid that functions as a flavor. (See Compl. ¶¶ 21–22, 52, 75–76, 82, 92.) Because Plaintiff alleges that Defendant has engaged in a unified course of fraudulent conduct, it is inconsequential that fraud is not an element of some of Plaintiff's claims. See Vess, 317 F.3d at 1103. Accordingly, Plaintiff's claims are subject to Rule 9(b)'s heightened pleading requirement. See, e.g., Loh v. Future Motion, Inc., No. 21-cv-06088-EJD, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022) ("[E]ach claim is subject to the requirements of Rule 9(b)," including claims for CLRA and unjust enrichment.); Arabian v. Organic Candy Factory, No. 17-cv-05410-ODW, 2018 WL 1406608, at *3–*4 (C.D. Cal. Mar. 19, 2018) ("Each of [p]laintiff's ten claims . . . must be pleaded with particularity," including claims for express warranty, CLRA, and unjust enrichment.).

Upon review of the Wiley Wallaby Very Berry Licorice labeling, the label clearly lists malic acid as an ingredient but makes no mention as to whether the malic acid used is natural or artificial, or whether it functions as a flavor. (See Compl. ¶ 21.) Defendant

argues that Plaintiff fails to plead with sufficient particularity that the malic acid used is artificial, and further argues that Plaintiff fails to plead any facts—let alone plead facts with sufficient particularity—that the malic acid used functions as a flavor. (See Doc. No. 6-1 at 18–19; Doc. No. 10 at 8–10.)  The Court agrees.  Plaintiff's conclusory allegations, without more particularity, are a far cry from raising any factually substantiated allegations that Wiley Wallaby Very Berry Licorice contains artificial malic acid, rather than natural malic acid, and that the malic acid used functions as a flavor.  See Hawkins v. Coca-Cola Co., 654 F. Supp. 3d 290, 296–97, 304–06 (S.D.N.Y. 2023) (quotations and citations omitted) (dismissing the complaint and concluding that the "bare, unsubstantiated allegations about the possibility that the Product contains artificial DL-Malic acid, without any additional factual support," were not sufficient to establish that the soda contained "artificial" malic acid (emphasis removed)); see also Myers v. Wakefern Food Corp., No. 20-cv-08470-NSR, 2022 WL 603000, at *4 (S.D.N.Y. Mar. 1, 2022).  As Plaintiff acknowledges in his complaint, Wiley Wallaby Very Berry Licorice is a licorice candy.  (See Compl. ¶ 20.)  And nowhere on the Wiley Wallaby Very Berry Licorice labeling does it state that the product is "all natural," "100% natural," or "free of artificial ingredients."  (See id. ¶ 21.)  Accordingly, Plaintiff fails to "set forth what is false or misleading about [Wiley Wallaby Very Berry Licorice's labeling], and why it is false," see Cafasso, 637 F.3d at 1055, and thus, fails to give Defendant notice of the particular misconduct which is alleged to constitute the fraud.  See Semegen, 780 F.2d at 731.

Because Plaintiff has not alleged with sufficient particularity that the malic acid used in Wiley Wallaby Very Berry Licorice is artificial and functions as a flavor, Plaintiff's claims fail to meet Rule 9(b)'s heightened pleading standard and must be dismissed.  See Scheibe v. Performance Enhancing Supplements, LLC, No. 23-cv-00219-H-DDL, 2023 WL 3829694, at *3 (S.D. Cal. June 5, 2023); In re Bang Energy Drink Marketing Litig., No. 18-cv-05758-JST, 2020 WL 4458916, at *5 (N.D. Cal. Feb. 6, 2020) (concluding that the plaintiff's conclusory allegations, without additional, more specific allegations, "failed to meet the heightened standard of Rule 9(b)").

### B. Standing to Pursue Injunctive Relief

Defendant moves to dismiss Plaintiff's claim for injunctive relief on the grounds that Plaintiff lacks standing to pursue such relief. (Doc. No. 6-1 at 22–24.) Plaintiff's CLRA claim seeks an order enjoining Defendant from engaging in alleged deceptive labeling practices. (Compl. ¶ 80.) Prospective injunctive relief requires a plaintiff to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Davidson, 889 F.3d at 969 (quoting Summers, 555 U.S. at 493). To establish standing, the previously deceived consumer must sufficiently allege "an imminent or actual threat of future harm caused by [the] allegedly false advertising," such as a desire to purchase the product again in the future. Id. at 970.

Here, Plaintiff does not sufficiently allege in his complaint that he seeks or intends to purchase Wiley Wallaby Very Berry Licorice again. (See Compl. ¶ 68 ("Defendant [sic] would like to purchase the Products and other products produced by Defendant in the future, but cannot currently do so because he cannot rely on the Products' labelling, given the deceptions regarding flavoring found there.").) Moreover, Plaintiff fails to allege any facts in his complaint that plausibly demonstrates "a real and immediate" threat of repeated injury in the future. (See Compl.); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 953 (9th Cir. 2011). Plaintiff's future harm is thus "conjectural or hypothetical" and not "actual and imminent." Summers, 555 U.S. at 493.

Plaintiff cites to Davidson arguing that it supports his argument that he has standing to bring a claim for injunctive relief. (Doc. No. at 7 at 22.) Davidson is distinguishable because the plaintiff in that case alleged a desire to purchase the products again. See Davidson, 889 F.3d at 971. Plaintiff failed to do so here. (See Compl. ¶ 68.) Furthermore, unlike in Davidson, in which the plaintiff faced a future injury because she still could not

rely on the defendant's claims about its products' "flushability" without first purchasing and using the flushable wipes, 889 F.3d at 971–72, Plaintiff admits that he now has knowledge that enables him to make an appropriate choice with respect to Wiley Wallaby Very Berry Licorice.  (See Compl. ¶¶ 22–25, 38–39); see also Fernandez, 2018 WL 280028, at *15 (holding that the plaintiff lacked standing to pursue injunctive relief because the plaintiff "now [knew] how Atkins goes about calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or Target and looks at Atkins's labels").  Thus, there is no longer any risk that Plaintiff will be misled the next time he looks at a Wiley Wallaby Very Berry Licorice label.  Accordingly, Plaintiff lacks standing to pursue his claim for injunctive relief and that claim is dismissed.  See, e.g., Davidson, 889 F.3d at 969; Brand v. KSF Acquisition Corp., No. 22-cv-00392-LAB, 2023 WL 3225409, at *3 (S.D. Cal. Mar. 17, 2023) (granting motion to dismiss claims for injunctive relief where the first amended complaint failed to allege that the plaintiff intended to purchase the products again); Grausz v. Kroger Co., No. 19-cv-00449-TWR-AGS, 2021 WL 5534706, at *6 (S.D. Cal. Jan. 22, 2021) (holding that the plaintiff lacked standing to seek injunctive relief because "Plaintiff's professed intent to purchase Defendant's Product in the future is wholly contingent on a reformation of the Product," making "the threat that Plaintiff would be unable to rely on Defendant's representation in the future [] too conjectural or hypothetical to establish Article III standing").

### C. Plaintiff's Claims for Equitable Relief

Next, Defendant moves to dismiss Plaintiff's claims to the extent they seek equitable relief, arguing that Plaintiff fails to allege inadequacy of legal remedies.  (Doc. No. 6-1 at 24–27.)  The Court agrees.  "[E]quitable relief is not appropriate where an adequate remedy exists at law."  Schroeder v. U.S., 569 F.3d 956, 963 (9th Cir 2009).  A plaintiff "must establish that []he lacks an adequate remedy at law before securing equitable restitution for past harm under the . . . CLRA."  Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (citations omitted).

Here, Plaintiff's CLRA claim seeks relief in the form of monetary damages in

addition to equitable relief.  (Compl. ¶¶ 79, 80.)  Plaintiff also alleges an unjust enrichment claim, which seeks equitable relief.  (Id. ¶¶ 81–88.)  Upon review of Plaintiff's complaint, Plaintiff has failed to plead any facts establishing that he lacks an adequate remedy at law.  (See Compl.)  "[A] party seeking equitable relief must specifically plead the inadequacy of monetary damages in federal court."  Martinez v. Ford Motor Co., No. 22-cv-01082-MMA, 2022 WL 14118926, at *8 (S.D. Cal. Oct. 24, 2022) (citations omitted).  Plaintiff failed to do so here.

Plaintiff argues that his claims for equitable relief are pleaded in the alternative and such alternative pleading is permitted under the law.  (Doc. No. 7 at 22–23.)  While Plaintiff may plead claims for equitable relief in the alternative at the pleading stage, see Johnson-Jack v. Health-Ade LLC, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022), "[P]laintiff must, at a minimum, plead that []he lacks adequate remedies at law if []he seeks equitable relief."  Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis removed) (citations omitted); see also Martinez, 2022 WL 14118926, at *8.  And again, Plaintiff's complaint contains no allegations establishing that Plaintiff's legal remedies are inadequate.  (See Compl.)  Accordingly, to the extent Plaintiff's claims seek equitable relief, they are dismissed because Plaintiff failed to state a claim for equitable relief.  See, e.g., Sonner, 971 F.3d at 844; Freund v. HP, Inc., No. 22-cv-03794-BLF, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (granting motion to dismiss claims for equitable relief because the plaintiffs failed to plead that they lack an adequate remedy at law).

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's complaint with leave to amend. See Doe v. United States, 58 F.3d at 497 ("A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Plaintiff may file an amended complaint within **thirty (30) days** from the date of this order to cure the deficiencies in his complaint if he can do so.

**IT IS SO ORDERED.**

DATED: April 22, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT