# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TRAMMELL, individually and on behalf of all those similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>KLN ENTERPRISES, INC., dba Wiley Wallaby, a Minnesota corporation,<br><br>                                       Defendant. | Case No.: 3:23-cv-01884-H-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 14.] |

On April 24, 2024, Plaintiff Mark Trammell ("Plaintiff") filed a motion for reconsideration of the Court's April 22, 2024 order granting Defendant KLN Enterprises, Inc.'s ("Defendant") motion to dismiss with leave to amend. (Doc. No. 14.) On May 13, 2024, Defendant filed a response in opposition to Plaintiff's motion for reconsideration. (Doc. No. 15.) On May 16, 2024, Plaintiff filed a reply. (Doc. No. 17.) A hearing on Plaintiff's motion for reconsideration is currently scheduled for May 27, 2024.[1] (Doc. No. 14.) The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument,

---

[1] For future motions, all parties must comply with Civil Local Rule 7.1 and obtain a hearing date from the Court prior to filing a motion. See Civ. L.R. 7.1(b).

1

submits the motion on the parties' papers, and vacates the hearing.

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); accord Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013).

Reconsideration of a prior order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); accord Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 858–59 (9th Cir. 2022); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . ."); Raiser v. San Diego Cnty., No. 19-cv-00751-GPC, 2021 WL 4751199, at *1 (S.D. Cal. Oct. 12, 2021) ("Motions for reconsideration are disfavored and should only be granted in narrow instances."). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Berman, 30 F.4th at 859 ("Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))); Williams v. Cnty. of San Diego, 542 F. Supp. 3d 1070, 1071 (S.D. Cal. 2021) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Williams, 542 F. Supp. 3d at 1071. Where a motion for

reconsideration is based off an assertion that the district court committed clear error or the initial decision was manifestly unjust, "[m]ere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." Heathman v. Portfolio Recovery Assocs., LLC, No. 12-cv-201-IEG-RBB, 2013 WL 1284184, at *1 (S.D. Cal. Mar. 26, 2013). "Clearly erroneous is a very exacting standard." Id.

After reviewing the parties' briefs on the motion for reconsideration, Plaintiff has failed to demonstrate that the extraordinary remedy of reconsideration is appropriate. Accordingly, the Court denies Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: May 20, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT