JAIKARAN SINGH, CA Bar No. 201355
jsingh@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

KELSEY FINN, CA Bar No. 334670
kfinn@foley.com
COLE K. WALDHAUSER, CA Bar No. 345928
cwaldhauser@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

Attorneys for Defendant KLN ENTERPRISES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARK TRAMMELL, individually and on behalf of all those similarly situated,

Plaintiff,

vs.

KLN ENTERPRISES, INC., dba Wiley Wallaby, a Minnesota corporation,

Defendant.

Case No. 3:23-cv-01884-H-JLB

**DEFENDANT KLN ENTERPRISES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Date: July 15, 2024
Time: 10:30 a.m.
Courtroom: 12A

Assigned to: Judge Marilyn L. Huff
Complaint Filed: October 16, 2023
FAC Filed: May 22, 2024

## I. INTRODUCTION

Plaintiff's amendments do not breathe life back into his allegations. Indeed, his opposition perfectly articulates the pleading standard that he fails to meet. Plaintiff's main points of contention are with arguments that he mischaracterizes and that Defendant simply did not make. He argues, for example, that he is not required in his pleading to exclude alternative explanations for why malic acid is used in the Product. This is not Defendant's position, nor does Defendant disagree. He also applies the wrong reasonable consumer standard and rebuts a reasonable consumer argument different from the one Defendant argues. In assembling his men of straw, Plaintiff only confirms what has been true all along: he has not offered plausible allegations to support his claims. The Court found so once before, and Plaintiff's amendments to the complaint have not remedied its pleading defects. Plaintiff's opposition also highlights that he continues to lack standing for equitable relief, including injunctive relief. The Court should therefore grant Defendant's Motion to Dismiss in its entirety, and this time, ***without*** leave to amend.

## II. ARGUMENT

### A. Plaintiff Fails to Plausibly Allege that the Malic Acid in the Wiley Wallaby Very Berry Licorice is a "Flavor."

#### 1. Plaintiff Again Fails to Meet the Pleading Standard.

Plaintiff argues in his opposition that he has plausibly alleged that the malic acid in Defendant's licorice candy is a "flavor." (*See* Opp. at 6–13.) In doing so, he sets forth the operative pleading standard. For his claims to survive, Plaintiff writes, he "must include sufficient enhancement to cross the line between possibility and plausibility." (Opp. at 7:7–8 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).) Defendant agrees completely. Plaintiff goes on, however, to mischaracterize Defendant's argument as calling for allegations that demonstrate *both* that the malic acid (i) *is* a "flavor" *and* (ii) is *not* a "flavor enhancer." (Opp. at 9:6–9.) Hogwash. The full, unabridged statement from Defendant's Motion that Plaintiff repeatedly quotes is as follows:

> Thus, to be plausible, Plaintiff must allege facts for each of his claims demonstrating that the malic acid in the Product is ***both*** a flavoring, and ***not*** a flavor enhancer, pH balancer or serving some other non-flavoring purpose, ***and*** that it is artificial.

(Motion at 7:11–14 (emphasis in original).) Contrary to Plaintiff's framing, the word "both" in this sentence modifies "flavoring" and "artificial" (not "***not*** a flavor enhancer") as joined by the conjunctive "and." That is, Plaintiff must allege facts demonstrating that the malic acid is ***both*** a flavoring ***and*** artificial—which is precisely the structure of Defendant's Motion. The middle of the sentence, set off by commas, simply distinguishes "flavor" from the other uses for malic acid recognized by the governing regulations. *See* 21 C.F.R. § 184.1069(c).

Plaintiff's handwringing about "alternative explanations" is a total red herring. And even so, his own authority on this point only supports dismissal. In *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013), the Ninth Circuit found:

> When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.

(Cleaned up). In other words, assuming Plaintiff's allegations about the Product's malic acid were consistent with the conclusion that it serves as a "flavor" (they are not), he would still need to allege facts tending to exclude that it serves as a "flavor enhancer" or "pH control agent." So, even if the Court were to construe Defendant's argument as Plaintiff has characterized it, the FAC's "merely possible" explanations still require more under Plaintiff's cited case authority. *Id.*

But more to the point. Defendant is not asking for the exclusion of alternative explanations—Defendant simply seeks plausible allegations that the malic acid in its Product acts as a "flavor." (Motion at 7–11.) This Plaintiff has not done. By his own description, Plaintiff has mixed his factual assertions about the Product with general statements about food formulation and the governing regulatory background. It takes

only a brief review of the FAC to see that this "mix" is almost entirely general statements and conclusions with only a hint of targeted factual assertions. (*Compare* FAC ¶¶ 29–41, 43–47 *with* ¶ 42.) Aside from cropping images of the Product packaging—something Plaintiff curiously ignores in his opposition—Plaintiff's most substantive amendment is Paragraph 42, which states in pertinent part, "[b]y changing the ratio between sugars and acids that is naturally found in fruits, the DL malic acid used in the Products by Defendant reinforces, simulates, or creates the characterizing flavors, regardless of any other effect it may have or purpose for which it was included." (FAC ¶ 42.) What factual enhancement can be taken from this assertion which is largely a conclusion based on buzz words from the FDA regulation? Is the factual enhancement that the malic acid changes the licorice candy's ratio between sugars and acids? This does not make true Plaintiff's if/then conclusion that the malic acid therefore "reinforces, simulates, or creates the characterizing flavors." (*Id.*) As explained in detail in Defendant's moving brief, far from it.

What this factual allegation shows, if anything, is that the malic acid in the Product functions as a "flavor enhancer." Plaintiff does not dispute that the licorice has natural strawberry and raspberry flavoring ingredients, which give the product its characterizing flavor and original taste. Thus, Defendant's alleged changing of the licorice's sugar and acid ratios simply takes an ***existing*** strawberry and raspberry characterizing flavor and ***amplifies*** it to achieve a distinctive candy piquancy. This, by definition, is a flavor enhancer (not flavoring) because it serves to "supplement, enhance, or modify the original taste and/or aroma of the food, without imparting a characteristic taste or aroma of its own." 21 C.F.R. § 170.3(o)(11).

Plaintiff's conclusory allegation that the malic acid is used as a "flavor" because it "reinforces, simulates, or creates the characterizing flavors," rings hollow when his factual allegations demonstrate a different story. Put more pointedly, Plaintiff has effectively pleaded himself out of Court. *See, e.g., Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018); *Rubio v. Orgain, Inc.*, No. EDCV 18-2237-MWF

(SHKx), 2019 WL 1578379, at *1 (C.D. Cal. Mar. 5, 2019). With all his parlor tricks, Plaintiff still cannot bring his "flavor" allegations out of the realm of "possible" and into that of "plausible." His claims fail for this reason alone.

**2. <u>The Case Law Only Supports Defendant's Position.</u>**

Plaintiff next argues that the Court should not decide at the pleading stage whether the malic acid functions in the Product as a "flavor" or a "flavor enhancer." He rests his argument on a footnote collecting district court decisions. For one, unlike here, the plaintiffs' allegations in those cases did not materially undermine the plaintiffs' own positions. *See, e.g.*, *Lozano v. Walmart, Inc.*, No. CV 23-4500-SPG-MAR, 2024 WL 412606, at *9 (C.D. Cal. Feb. 1, 2024) (rejecting defendant's argument that plaintiff has not plausibly alleged malic acid acts as a flavor because malic acid is also commonly used as a "pH adjuster"). In fact, some of those cases do not even stand for the proposition Plaintiff suggests. For example, nowhere in *Scheibe v. Livwell Prods., LLC*, No. 23-cv-216, 2023 WL 4414580, at *4 (S.D. Cal. 2023) does the court hold that the question of malic acid's function is not appropriate for the pleading stage.

Even *Tapia v. Coca-Cola Co.*, No. 22-CV-01362-HSG, 2023 WL 2621346, at *3 (N.D. Cal. Mar. 23, 2023), where the defendant argued that the plaintiff contradicted her own "flavor" claims, is distinguishable. There, the court was persuaded by allegations that the malic acid "provides flavor by giving the product its unique tart taste." *Tapia*, 2023 WL 2621346, at *3 n.2. Here, on the other hand, there are no ***facts*** alleging that the malic acid gives the Wiley Wallaby Very Berry Licorice its characterizing strawberry and raspberry flavors beyond the mere conclusion that it "reinforces, simulates, or creates the characterizing flavors." (*See generally* FAC ¶ 42.) Quite the opposite. Plaintiff does not dispute that the Product contains natural strawberry and raspberry flavoring, nor does he even advance the theory that the malic acid gives the Product its unique taste. He instead describes a ***modification*** to the sugar and acid ratio that ***adjusts*** the "flavor notes" of the Product's characterizing flavor and original taste (FAC ¶¶ 32, 42.) These cases do not give Plaintiff cover. The allegations, product labels, and products themselves are

decidedly different.[1]

Ultimately, Defendant is not asking for a finding of fact—despite what Plaintiff would have the Court believe. Defendant only asks the Court to take the pleadings for what they are: allegations that on their face do not plausibly demonstrate that the malic acid in the Product functions as a "flavor," and if anything, actually demonstrate that it serves as a "flavor enhancer" based on FDA's definition. The dearth of sufficient factual "flavoring agent" allegations coupled with affirmative pleading to the contrary is fatal to Plaintiff's claim and is a determination the Court can and should make at the pleading stage of this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (courts need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory allegations cast in the form of factual allegations); *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the court need not credit contradictory allegations); *RePET, Inc. v. Zhao*, No. EDCV 15-2315-VAP, 2016 WL 11634745, at *5 (C.D. Cal. Sept. 2, 2016) (contradictory allegations are inherently implausible and fail to comply with *Iqbal*).

**B. Plaintiff Fails to Plausibly Allege that the Malic Acid is "Artificial."**

Plaintiff takes aim in his opposition at Defendant's "vague, throat-clearing arguments" about the sufficiency of his artificiality allegations. Plaintiff must have missed where Defendant identifies each of the specific facts missing from Plaintiff's amended testing allegations, including "the testers' qualifications," "the methodology employed," and the specific "time of the testing." (Motion at 12:18–21.) And for all his incredulity, Plaintiff not once looks to Defendant's cited cases for clarity. If he had, *Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 305 (S.D.N.Y. 2023) and *Myers v. Wakefern Food Corp.*, No. 20-8470, 2022 WL 603000, at *4 (S.D.N.Y. Mar. 1, 2022) would have shown him that details like the testing methodology and the qualifications of the testers are important to allege "artificial" flavor with particularity under the

[1] Plaintiff dismisses Defendant's instructive authority *Hu v. Herr Foods, Inc.*, 251 F.Supp.3d 813, 816–17 (E.D. Pa. 2017) for applying "very different New York state law" before himself citing *Hesse v. Godiva Chocolatier, Inc.*, 463 F.Supp.3d 453, 467 (S.D.N.Y. 2020), which applies the very ***same*** New York General Business Law.

heightened standards of Rule 9(b). Plaintiff's allegations remain "insufficient to support . . . otherwise conclusory statements as to the ingredients of the Product." *Santiful v. Wegmans Food Mkts., Inc.*, No. 20-2933, 2022 WL 268955, at *4 (S.D.N.Y. Jan. 28, 2022).

**C. Plaintiff Has Not Plausibly Alleged that the Product's Label is Misleading to Reasonable Consumers.**

In opposition, Plaintiff twists both the operative standard and Defendant's arguments into a fiction for him to refute. In applying the ***actual*** standard to the ***actual*** arguments, Plaintiff's claims fail the reasonable consumer test and must be dismissed.

**1. <u>Plaintiff Misapprehends the "Reasonable Consumer" Standard.</u>**

According to Plaintiff's opposition, Defendant "badly" misapprehends the governing reasonable consumer standard. The standard for dismissal, Plaintiff argues, requires that "no" reasonable "but unsophisticated" consumer could be deceived by the advertising. That, however, is not what the case law provides. Plaintiff cites *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) as support for the reasonable consumer standard on a Rule 56 motion, but that case affirmed a district court's dismissal under Rule 12(b)(6). And the "no reasonable consumer" passages from *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) and *Simpson v. The Kroger Corp.*, 219 Cal.App.4th 1352, 1371 (2013) are not articulations of a legal standard but instead conclusions drawn from the specific facts of those cases. The standard, as set forth in Defendant's moving papers and Plaintiff's case authority, is for Plaintiff to demonstrate "more than a mere possibility that [the seller's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner . . . [r]ather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Moore*, 4 F.4th at 882 (affirming dismissal); *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) (same).

By the same token, Plaintiff calls for an "unsophisticated consumer" standard,

writing the word "reasonable" out of the standard entirely. Courts applying California consumer protection laws do not embrace such a test. The "reasonable consumer" is neither the least nor the most sophisticated, neither the expert nor the novice—whether the advertisement is deceptive is simply measured by "the likely effect on the ***normally credulous consumer***." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) (emphasis added). The reasonable consumer, after all, "does not check [their] common sense at the door of the store." *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021).[2]

If anything, given his allegations in this case, Plaintiff should be judged by a ***heightened*** consumer standard. By his own admission, Plaintiff eats "clean" and belongs to a targeted class of consumers who prefer "to consume only products that contain all-natural flavorings." (FAC ¶¶ 15–19.) In other words, he is in the market for naturally flavored products, and as such, can be assumed to "generally know a little bit about that product, at least more than a random person on the street, who may have no interest in that product or given it any thought." *La Barbera v. Ole Mexican Foods Inc.*, No. EDCV 20-2324 JGB (SPX), 2023 WL 4162348, at *10 (C.D. Cal. May 18, 2023). Because Plaintiff "cares about any particular quality in a product, [he] is willing to spend at least a few seconds reading a product's packaging to see if it answers [his] question." *Id.*

### 2. <u>Plaintiff Mischaracterizes Defendant's Argument.</u>

Once again, Plaintiff gets Defendant's argument wrong. Defendant does not simply contend, as Plaintiff suggests, that "no reasonable consumer would believe that a shelf-stable candy is naturally flavored." Defendant instead argues that Plaintiff's allegations are implausible because a ***reasonable*** consumer using common sense, especially one like Plaintiff who eats "clean," would not buy a crimson colored, shelf-stable, candy product thinking that it is naturally flavored but with artificial ingredients.

---

[2] The Attorney General's amicus brief does not change the analysis. California courts have rejected similar advocacy positions from that office before. *See, e.g.*, *Lavie*, 105 Cal.App.4th at 508–09 ("The Attorney General's error is his equating of the rejection of a standard requiring heightened consumer vigilance with the adoption of a 'least sophisticated consumer' standard. The two clearly are not the same.").

This distinction is key, and it short-circuits Plaintiff's entire premise.

Plaintiff argues that Defendant "*must be lying when it says its Products are 'Free of Artificial Flavors'*" because the Product contains and in fact discloses polydextrose. But nowhere on its packaging does Defendant claim that its Product is free of artificial ingredients. Indeed, Defendant affirmatively discloses the artificial ingredients in its licorice. The point is simple and based on common sense: it is unreasonable for the Product's "naturally flavored" label to mislead the reasonable consumer when the Product is a crimson candy containing artificial ingredients. Plaintiff cries "nonsense" because the reasonable consumer ***of course*** lacks the sophistication to read and understand ingredients on a food product. This simply defies logic and reason. The reasonable consumer—and particularly the consumer of all-natural flavorings—has a ***basic*** grasp of ingredients in the context of candy products. *See Lozano v. Walmart, Inc.*, No. CV 23-4500-SPG-MAR, 2024 WL 412606, at *11 (C.D. Cal. Feb. 1, 2024) ("The reasonable consumer inquiry is not limited to the physical label and may involve contextual inferences regarding the product itself and its packaging.") (cleaned up).

Plaintiff asks for authority that would support Defendant's position. Defendant obliges. Even at the Rule 12 stage, the cases are legion. *See Brown v. Starbucks Corp.*, No. 18CV2286 JM (WVG), 2019 WL 996399, at *3 (S.D. Cal. Mar. 1, 2019) ("Nothing about the product itself—a brightly-colored, gelatinous candy—would lead a reasonable consumer to conclude that the Gummies contain only natural ingredients."); *see also Gouwens v. Target Corp*., No. 22-50016, 2022 WL 18027524 (N.D. Ill. Dec. 30, 2022) ("A reasonable consumer would not believe that a shelf-stable, bright red fruit punch flavored liquid water enhancer was free of artificial ingredients absent an affirmative statement to the contrary."); *Hoffman v. Kraft Heinz Foods Co.*, No. 22-397, 2023 WL 1824795, at *7 (S.D.N.Y. Feb. 7, 2023) (because defendant did not "state that [its mango peach liquid beverage concentrate] is ***only*** filled with natural flavors," and because the plaintiff "appear[ed] to concede that there are likely ***some*** natural flavors within the product," it was "hard . . . to see how a reasonable consumer would be misled merely

because there may also be non-natural flavors") (emphasis in original).

Plaintiff lists his own selected "reasonable consumer" decisions. If anything, these cases simply demonstrate that courts vary in their interpretations of what label statements are misleading. *See Willard v. Tropicana Mfg. Co., Inc.*, 577 F. Supp. 3d 814, 833 (N.D. Ill. 2021). With all due respect to Judge Lorenz, Defendant believes the decision in *Hilsley v. General Mills, Inc.*, 376 F.Supp.3d 1043, 1046 (S.D. Cal. 2019) was wrongly decided. The court there gave no explanation why the allegations passed the "reasonable consumer" test, stating only that "Plaintiff has sufficiently alleged this for purposes of pleading" and "Plaintiff also alleged facts supporting a reasonable inference that 'no artificial flavor' statement is material to consumers." *Hilsley*, 376 F. Supp. 3d at 1049. Plaintiff's other cited cases are easily distinguishable. *See, e.g.*, *Tapia v. Coca-Cola Co.*, No. 22-CV-01362-HSG, 2023 WL 2621346, at *1 (N.D. Cal. Mar. 23, 2023) (turning on the absolute label claim, "100% Natural Flavors"); *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1322 (S.D. Cal. 2019) (involving flavored water product that did not disclose malic acid ingredient); *Sims v. Campbell Soup Co.*, No. EDCV 18-668 PSG (SPx), 2018 WL 7568640, at *1 (C.D. Cal. Sept. 24, 2018) (advertising a healthy, natural beverage "brimming with healthful fruit and vegetable juices"). What matters here is that on ***these particular*** allegations and judicially noticeable facts, a consumer "of any level of sophistication"—let alone one with Plaintiff's particular preferences—could not reasonably be misled by Defendant's Product label in the manner that Plaintiff alleges. *Moore*, 4 F.4th at 884. Plaintiff's reading of the Wiley Wallaby Very Berry Licorice product label is not just "unreasonable" or "fanciful," it is implausible. *Id.*

**D. Plaintiff Still Lacks Standing to Pursue Injunctive Relief.**

Pointing to an amendment about a speculative drop in product prices, Plaintiff claims to have cured his deficient request for injunctive relief. For the reasons spelled out in Defendant's moving papers, this is not so. (*See* Motion at 20:20–21:6.) Namely, because he now has full knowledge of the Product's flavoring (per his own allegations

and testing) and ingredients, he is "no longer at any risk that [he] will be misled next time he looks at a Wiley Wallaby Very Berry Licorice label." (*See* Order at 11:8–9 [Dkt. 13].) Plaintiff's only attempt to rebut these arguments and address the Court's concerns is to simply conclude that his allegations are not conjecture and are "eminently plausible inferences from Plaintiff's plainly stated allegations." This, to use Plaintiff's word, is real makeweight. Plaintiff accordingly fails to plausibly allege standing to pursue any claim for injunctive relief.

### E. Plaintiff Cannot Save His Equitable Relief by Pleading in the Alternative.

Plaintiff's opposition closes by rehashing the same argument as before—one that he abandoned in his motion for reconsideration (*see generally* Dkt. 14)—that his claim for injunctive relief was made "in the alternative" by alleging that he seeks equitable relief "[t]o the extent necessary." As before, Plaintiff does not meet the Supreme Court and Ninth Circuit requirements for failure to plead inadequate legal remedies. *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (holding that a complaint seeking equitable relief failed because it did not allege "the inadequacy of remedies at law"); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("[T]he operative complaint does not allege that Sonner lacks an adequate legal remedy."). Pleading his equitable claim in the alternative does not relieve Plaintiff of his affirmative burden to plausibly allege that he is entitled to equitable relief. Because he has failed to state any claim for equitable relief, not once, but now twice, the Court should dismiss Plaintiff's claims for equitable relief under the CLRA, unjust enrichment, and any other claims for equitable relief sought in the FAC.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss the amended complaint ***without*** leave to amend.

DATED: July 8, 2024

**FOLEY & LARDNER LLP**
Jaikaran Singh
Cole K. Waldhauser

*/s/ Jaikaran Singh*
Jaikaran Singh

Attorneys for Defendant KLN ENTERPRISES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 8, 2024, at San Diego, California.

*/s/ Jaikaran Singh*
Jaikaran Singh