# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TRAMMELL, individually and on behalf of all those similarly situated,<br><br>                       Plaintiff,<br><br>v.<br><br>KLN ENTERPRISES, INC., dba Wiley Wallaby, a Minnesota corporation,<br><br>                       Defendant. | Case No.: 3:23-cv-01884-H-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[Doc. No. 23.] |

On June 14, 2024, Defendant KLN Enterprises, Inc., dba Wiley Wallaby ("Defendant") filed a motion to dismiss Plaintiff Mark Trammell's ("Plaintiff") first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). (Doc. No. 23.) On July 1, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 25.) On July 8, 2024, Defendant filed a reply. (Doc. No. 26.) On June 24, 2024, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motion on the parties' papers. (Doc. No. 24.) For the reasons below, the Court grants Defendant's motion to dismiss without leave to amend.

/ / /

/ / /

/ / /

# BACKGROUND

The following factual background is taken from the allegations in Plaintiff's FAC. Plaintiff is a resident and citizen of the state of California. (Doc. No. 19, FAC ¶ 1.) Defendant manufactures and sells licorice candies including, Wiley Wallaby Very Berry Licorice. (Id. at 1.) On or about May 23, 2023, Plaintiff claims that he purchased Wiley Wallaby Very Berry Licorice from a Target in Encinitas, California. (Id. ¶ 18.) Plaintiff alleges that he "is a student who attempts to eat 'clean'" and "[h]e prefers to consume only products that contain all-natural flavorings." (Id. ¶ 19.) Plaintiff further alleges that he "carefully reviews food and product labels, including the [Wiley Wallaby Very Berry Licorice] label, to understand the characteristics of the products he consumes." (Id.)

As incorporated by reference in Plaintiff's FAC, (see Doc. No. 19 ¶ 21), and as attached as an exhibit to Defendant's request for judicial notice, (Doc. No. 23-4 at 2–3), the subsequent images depict the packaging of Defendant's Wiley Wallaby Very Berry Licorice:[1]

---

[1]    In support of Defendant's motion to dismiss Plaintiff's FAC, Defendant requests that the Court take judicial notice of the complete packaging artwork for Defendant's Wiley Wallaby Very Berry Licorice. (Doc. No. 23-2 at 2–4.) The Court grants Defendant's request. "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Here, the Court considers Defendant's Wiley Wallaby Very Berry Licorice labels as incorporated by reference in Plaintiff's FAC and attached as an exhibit to Defendant's request for judicial notice because Plaintiff relies on Defendant's Wiley Wallaby Very Berry Licorice labels in the FAC and defines the term "the Products" as "Wiley Wallaby Very Berry Licorice" in the FAC. See In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Because Plaintiffs incorporate by reference Mr. Hunt's declaration, relying on portions of it in their complaint, we may properly consider the declaration in its entirety." (citations omitted)). Plaintiff also requests that the Court take judicial notice of an amicus brief filed by Rob Bonta, the Attorney General of the State of California, in the matter of Souter v. Edgewell Personal Care Company, No. 22-55898 (9th Cir.). (Doc. No. 25-1 at 1–2.) Because the Court does not reference or cite to the document at issue in the request for judicial notice, the Court denies Plaintiff's request as moot.



**CONFIDENTIAL: PROPERTY OF BELMARK**

The information contained in this template is confidential. It is intended only for the customer to which it was provided to from Belmark for the use of sizing approval or proceeding with art through either internal or an independent third party means. Dissemination, distribution or copying of this template in any manner other than the aforementioned, is neither intended or permissible.

CONFIDENTIAL PROPERTY OF BELMARK

The information contained in this template is confidential. It is intended only for the customer to which it was provided to from Belmark for the use of sizing approval or proceeding with art through either internal or an independent third party means. Dissemination, distribution or copying of this template in any manner other than the aforementioned does not imply intended or permissible.



(Doc. No. 23-4 at 2–3.)

The front label of the packaging for Defendant's product states that it is "Natural Strawberry & Raspberry Flavored Licorice" and "Naturally Flavored," while the back label of the packaging states that Defendant's product is "Free of . . . Artificial Colors & Flavors." (Id.) Plaintiff alleges that these statements are reinforced by depictions of fruits. (FAC ¶ 21.) Plaintiff alleges that those representations on Defendant's packaging are false and misleading because Wiley Wallaby Very Berry Licorice "contain[s] an ingredient known as 'malic acid' which is used as a flavoring in the Products." (Id. ¶ 22.) Plaintiff further alleges that the "form of malic acid used in these Products is artificial." (Id.) Specifically, Plaintiff alleges that independent third-party testing on June 28, 2023, revealed that "the malic acid used in these Products is DL malic acid, . . . [which] does not occur naturally." (Id. ¶¶ 27–28 (citations omitted).) Plaintiff claims that he reviewed the product's labels, including the statement that Wiley Wallaby Very Berry Licorice is naturally flavored, prior to purchasing the product. (Id. ¶ 51.) Plaintiff also contends that he relied on the labels' statements and would not have purchased the product or would have only been willing to pay a substantially reduced price had he known about Defendant's alleged misrepresentations. (Id. ¶ 53.)

On October 16, 2023, Plaintiff filed a class action complaint against Defendant, alleging claims for: (1) violations of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, et seq.; (2) unjust enrichment; and (3) breach of express warranty. (Doc. No. 1 ¶¶ 71–93.) On December 21, 2023, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). (Doc. No. 6.) On January 12, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 7.) On January 22, 2024, Defendant filed a reply. (Doc. No. 10.) On April 22, 2024, the Court granted Defendant's motion to dismiss with leave to amend. (Doc. No. 13.)

On April 24, 2024, Plaintiff filed a motion for reconsideration. (Doc. No. 14.) On May 13, 2024, Defendant filed a response in opposition to Plaintiff's motion for

1   reconsideration. (Doc. No. 15.) On May 16, 2024, Plaintiff filed a reply. (Doc. No. 17.)
2   On May 20, 2024, the Court denied Plaintiff's motion for reconsideration. (Doc. No. 18.)
3   On May 22, 2024, Plaintiff filed his FAC. (Doc. No. 19.) By the present motion,
4   Defendant moves pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1),
5   and 12(b)(6) to dismiss Plaintiff's FAC in its entirety. (Doc. No. 23.)

**DISCUSSION**

## I. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim

"lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id.

### B.      Federal Rule of Civil Procedure 9(b)

Claims based in fraud require a heightened particularity in pleading. See Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Id. The circumstances required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." Id.

This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they

have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Additionally, it "attempts to protect defendants from the harm that may come to their reputations or to their goodwill when they are charged with wrongdoing: '[I]t has been said [that the requirement] is necessary to safeguard potential defendants from lightly made claims charging the commission of acts that involve some degree of moral turpitude.'" Macchiavelli v. Shearson, Hammill & Co., Inc., 384 F. Supp. 21, 28 (E.D. Cal. 1974) (quoting Wright and Miller, 5A Federal Practice and Procedure: Civil § 1296 (3rd ed.)).

### C. Article III Standing

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a federal court is to first determine its jurisdiction over the dispute. See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007); Ellis v. J.P. Morgan Chase & Co., 950 F. Supp. 2d 1062, 1071 (N.D. Cal. 2013). A court sustains a facial attack on subject matter jurisdiction if "the allegations contained in the complaint [or on matters which the court can take judicial notice of] are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Article III limits the jurisdiction of federal courts to "cases" and "controversies," which is delineated by the doctrine of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must first have suffered an "injury in fact" which is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." Id. (citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant . . . ." Id. (citations and alterations omitted). Finally, it must be "likely" that the "injury will be redressed by a favorable decision." Id. (citations omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Moreover, "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528

3:23-cv-01884-H-JLB

U.S. 167, 185 (2000)).

The Ninth Circuit has held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Davidson, 889 F.3d at 969.  "A customer who is deceived by false advertising may have standing to seek injunctive relief forbidding the defendant from engaging in the same false advertising again[,]" if the consumer can "establish the threat of actual and imminent injury."  Jackson v. General Mills, Inc., No. 18-cv-02634-LAB-BGS, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020) (emphasis removed) (discussing Davidson, 889 F.3d at 967).  The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (internal citations omitted). While "[a] plaintiff who is deceived by false advertising may be injured by her inability to rely on advertising in the future[,] where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." Jackson, 2020 WL 5106652, at *5; Rahman v. Mott's LLP, No. 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018); Fernandez v. Atkins Nutritionals, Inc., No. 17-cv-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018).

## II.    ANALYSIS

Defendant moves pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6) to dismiss Plaintiff's FAC with prejudice.  (Doc. No. 23.)  Specifically, Defendant argues that: (1) Plaintiff fails to plead his claims, which Defendant argues are all grounded in fraud, with sufficient particularity as required by Fed. R. Civ. P. 9(b); (2) Plaintiff's CLRA claim does not pass the reasonable consumer test; (3) Plaintiff lacks Article III standing to pursue his claim for injunctive relief; and (4) Plaintiff cannot pursue equitable remedies because he has failed to plead facts establishing that his legal remedies

are inadequate.  (Doc. No. 23 at 2; Doc. No. 23-1 at 9–10.)

### A.    Federal Rule of Civil Procedure 9(b)

Defendant argues that Plaintiff fails to state a claim under Rule 9(b)'s heightened pleading standard.  (See Doc. No. 23 at 2.)  Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in civil cases brought in federal court.  See Fed. R. Civ. P. 9(b).  Specifically, the Ninth Circuit has held that Rule 9(b) applies to CLRA claims that are grounded in fraud.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103–06 (9th Cir. 2003).  Additionally, the Ninth Circuit has held that a claim is "grounded in fraud" for the purposes of Rule 9(b) where "the plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim."  Vess, 317 F.3d at 1103–04.

Here, Plaintiff's FAC claims rely entirely on the same course of alleged conduct: Defendant fraudulently misrepresents that Wiley Wallaby Very Berry Licorice is "Naturally Flavored" and "Free of . . . Artificial Colors & Flavors" because it contains artificial malic acid that functions as a flavor.  (See FAC ¶¶ 21–22, 56, 75–76, 82, 92.)  Because Plaintiff alleges that Defendant has engaged in a unified course of fraudulent conduct, it is inconsequential that fraud is not an element of some of Plaintiff's claims.  See Vess, 317 F.3d at 1103.  Accordingly, Plaintiff's claims are subject to Rule 9(b)'s heightened pleading requirement.  See, e.g., Loh v. Future Motion, Inc., No. 21-cv-06088-EJD, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022) ("[E]ach claim is subject to the requirements of Rule 9(b)," including claims for CLRA and unjust enrichment.); Arabian v. Organic Candy Factory, No. 17-cv-05410-ODW, 2018 WL 1406608, at *3–*4 (C.D. Cal. Mar. 19, 2018) ("Each of [p]laintiff's ten claims . . . must be pleaded with particularity," including claims for express warranty, CLRA, and unjust enrichment.).

Upon review of the Wiley Wallaby Very Berry Licorice labeling, the label clearly lists malic acid as an ingredient but makes no mention as to whether the malic acid used is natural or artificial.  (See Doc. No. 23-4 at 2–3.)  Defendant argues that Plaintiff once again

fails to plead with sufficient particularity that the malic acid used in the product is artificial. (See Doc. No. 23-1 at 18–20.)  The Court agrees.  Although Plaintiff characterizes the malic acid used as "artificial," "conclusory allegations that the flavoring is artificial are insufficient to state a claim."  Robie v. Trader Joe's Co., No. 20-cv-07355-JSW, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021).  And for a second time, Plaintiff fails to allege facts with sufficient particularity that Defendant uses artificial malic acid in the product.  (See generally FAC.)  Plaintiff attempts to cure these deficiencies by alluding to the price of naturally occurring malic acid, speculating that it "is quite expensive and is generally cost-prohibitive to use in mass-produced foods and beverages." (FAC ¶ 23.)  But speculations about Defendant's economic incentives or common industry practice does not amount to a plausible allegation that the malic acid used is "artificial."  See, e.g., Zaback v. Kellogg Sales Co., No. 20-cv-00268-BEN-MSB, 2020 WL 3414656, at *2–*3 (S.D. Cal. June 22, 2020) (finding insufficient the plaintiff's conjecture about the cost of vanilla and Kellogg's economic incentives to use less expensive "natural flavor").

Plaintiff also attempts to cure these deficiencies by alleging that the testing performed "on or about June 28, 2023 by Krueger Food Laboratories, Inc. of Chelmsford, Massachusetts . . . revealed that the D isomer was present in the Product purchased by Plaintiff."  (FAC ¶ 27–28.)  Thus, Plaintiff asserts that this testing "establishes that the malic acid used in these Products is DL malic acid, and not L malic acid[,] . . . which 'does not occur naturally.'"  (Id. ¶ 28 (citing C.F.R. § 184.1069(a).)  But this continues to fall short of Rule 9(b)'s heightened pleading standard.  See, e.g., Scheibe v. Performance Enhancing Supplements, LLC, No. 23-cv-00219-H-DDL, 2023 WL 3829694, at *3 (S.D. Cal. June 5, 2023) ("Plaintiff's only allegation for the "how" prong is a single conclusory allegation that states "testing by an independent third-party laboratory has confirmed that the malic acid that Defendant uses in these Products is DL malic acid. . . ." (citing Cafasso, 637 F.3d at 1055)); see also Hawkins v. Coca-Cola Co., 654 F. Supp. 3d 290, 296–97, 304–06 (S.D.N.Y. 2023) (dismissing the complaint and concluding that the "bare, unsubstantiated allegations about the possibility that the Product contains artificial

DL-Malic acid, without any additional factual support," were not sufficient to establish that the soda contained "artificial" malic acid (emphasis removed)); <u>Myers v. Wakefern Food Corp.</u>, No. 20-cv-08470-NSR, 2022 WL 603000, at *4 (S.D.N.Y. Mar. 1, 2022) (noting that the complaint failed to "describe the testing methodology followed, the specific . . . time . . . of the testing, . . . [or] the qualifications of the testers").

As Plaintiff once again acknowledges in his FAC, Wiley Wallaby Very Berry Licorice is a licorice candy. (<u>See</u> FAC ¶ 20.) And nowhere on the Wiley Wallaby Very Berry Licorice labeling does it state that the product is "all natural," "100% natural," or "free of artificial ingredients." (<u>See</u> Doc. No. 23-4 at 2–3.) Accordingly, Plaintiff fails to "set forth what is false or misleading about [Wiley Wallaby Very Berry Licorice's labeling], and why it is false," <u>see Cafasso</u>, 637 F.3d at 1055, and thus, fails to give Defendant notice of the particular misconduct which is alleged to constitute the fraud. <u>See Semegen</u>, 780 F.2d at 731. Because Plaintiff has not alleged with sufficient particularity that the malic acid used in Wiley Wallaby Very Berry Licorice is artificial, Plaintiff's claims fail to meet Rule 9(b)'s heightened pleading standard and must be dismissed. <u>See Scheibe</u>, 2023 WL 3829694, at *3; <u>In re Bang Energy Drink Marketing Litig.</u>, No. 18-cv-05758-JST, 2020 WL 4458916, at *5 (N.D. Cal. Feb. 6, 2020) (concluding that the plaintiff's conclusory allegations, without additional, more specific allegations, "failed to meet the heightened standard of Rule 9(b)").

### B.    Reasonable Consumer Standard

Even assuming Plaintiff's claims meet the heightened pleading standard of Rule 9(b), Plaintiff's CLRA claim nevertheless fails under the reasonable consumer standard. Claims under the CLRA are governed by the "reasonable consumer" standard. <u>McGinity v. Procter & Gamble Co.</u>, 69 F.4th 1093, 1097 (9th Cir. 2023) (citing <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008)). Under that standard, a plaintiff "must 'show that members of the public are likely to be deceived.'" <u>Becerra v. Dr Pepper/Seven Up, Inc.</u>, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting <u>Williams</u>, 552 F.3d at 938).

The reasonable consumer standard requires "more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003)). Rather, a plaintiff must plausibly allege "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" Id. (quoting Lavie, 105 Cal. App. 4th at 508); see also McGinity, 69 F.4th at 1097 ("The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers."). Put another way, "'[a] representation does not become "false and deceptive" merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.'" Lavie, 105 Cal. App. 4th at 507 (citation omitted). "Indeed, a plaintiff's unreasonable assumptions about a product's label will not suffice." Moore v. Trader Joe's Co., 4 F.4th 874, 882 (9th Cir. 2021); see also La Barbera v. Olé Mexican Foods Inc., No. 20-cv-02324-JGB-SPX, 2023 WL 4162348, at *11 (C.D. Cal. May 18, 2023) ("The bottom line is this: under Moore, the reasonable consumer does not approach purchasing decisions with a professorial genius or inclination toward exhaustive research, but []he is also not a chump, too doltish or careless to engage [a] simple analysis." (citation omitted)).

The "primary evidence in a false advertising case is the advertising itself." Brockley v. Moore, 107 Cal. App. 4th 86, 100 (2003). And "[p]laintiff's selective interpretation of part of a product's packaging presentation cannot support a CLRA, FAL, or UCL claim." Hairston v. S. Beach Beverage Co., No. 12-cv-01429-JFW, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012). "[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." Id. Moreover, absent a plausible claim of deception, claims for breach of express warranty and unjust enrichment also fail. See Weiss v. Trader Joe's Co., 838 F. App'x 302, 303 (9th Cir. 2021) (affirming dismissal of warranty claims premised on the "exact same

representations as [the plaintiff's] consumer protection claim"); <u>Girard v. Toyota Motor Sales, U.S.A.</u>, Inc., 316 F. App'x 561, 563 (9th Cir. 2008) (an "unjust enrichment claim also fails" when a defendant's "non-deceptive advertising does not entitle [the plaintiff] to restitutionary relief" (citation omitted)).

Plaintiff asserts that Defendant's labeling is misleading because Defendant's product makes unambiguous claims to be "Naturally Flavored" and "Free of . . . Artificial Colors & Flavors," and it reinforces those claims with depictions of fruits on the packaging. (See Doc. No. 25 at 20–27.) Plaintiff further asserts that a reasonable consumer is not required to investigate the product's ingredient list for clues that Defendant was not telling the truth when it made those unambiguous label statements. (See <u>id.</u>) Defendant argues that no reasonable consumer would believe that a bright red, shelf-stable candy is free of artificial ingredients when the product's back label makes it abundantly clear that the licorice has artificial ingredients. (Doc. No. 23-1 at 22–25; <u>see also</u> Doc. No. 23-4 at 2–3.)

The Ninth Circuit made clear that the "front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." <u>McGinity</u>, 69 F.4th at 1098. In other words, if the front label is ambiguous, the Court must consider both the front and back labels of the packaging in determining whether a reasonable consumer would be deceived by the packaging. See <u>id.</u>

Here, the front label of Wiley Wallaby's Very Berry Licorice is not unambiguously deceptive. (<u>See</u> Doc. No. 23-4 at 2–3.) While the front label states that the product is "Natural Strawberry & Raspberry Flavored Licorice" and "Naturally Flavored," nowhere on the front label does it affirmatively state that the product is "all natural," "100% natural," or "free of artificial ingredients." (<u>Id.</u>) Thus, a reasonable consumer would not interpret the front label as unambiguously representing that Wiley Wallaby's Very Berry Licorice does not contain artificial ingredients. Because the front label is ambiguous, the Court must consider both the front and the back label in determining whether a reasonable

///

///

consumer would be deceived by the packaging.[2]  See McGinity, 69 F.4th at 1098.

Upon review of the front and back labels of Wiley Wallaby Very Bery Licorice, the Court concludes that the public is not likely to be deceived by Defendant's packaging.  (See Doc. No. 23-4 at 2–3.)  As Plaintiff acknowledges in his FAC, Wiley Wallaby Very Berry Licorice is a licorice candy.  (FAC ¶ 20.)  And Defendant discloses both natural and artificial ingredients in plain text on the product's back label.  (See Doc. No. 23-4 at 2–3.)  Moreover, nowhere on the front or back label does it state that the product is "all natural," "100% natural," or "free of artificial ingredients."  (See id.)  Accordingly, nothing about this product—a brightly colored, shelf-stable licorice candy—would lead a reasonable consumer to conclude that Wiley Wallaby Very Berry Licorice is free of artificial ingredients when the product labels make no affirmative representations saying as such.  See, e.g., Brown v. Starbucks Corp., No. 18-cv-02286-JM-WVG, 2019 WL 996399, at *3 (S.D. Cal. Mar. 1, 2019) ("Nothing about the product itself—a brightly-colored, gelatinous candy—would lead a reasonable consumer to conclude that the Gummies contain only natural ingredients."); Gouwens v. Target Corp., No. 22-cv-50016, 2022 WL 18027524, at *3 (N.D. Ill. Dec. 30, 2022) ("A reasonable consumer would not believe that a shelf-stable, bright red fruit punch flavored liquid water enhancer was free of artificial ingredients absent an affirmative statement to the contrary.").

---

[2]    On July 24, 2024, Plaintiff filed a notice of supplemental authority, pointing the Court to Whiteside v. Kimberly Clark Corp., 108 F.4th 771, 2024 WL 3435308 (9th Cir. July 17, 2024).  (Doc. No. 29.)  But as Plaintiff correctly points out in his notice, in Whiteside, the panel held that when a plaintiff plausibly alleges that a reasonable consumer could interpret the front label as "unambiguously representing" that the product does not contain artificial ingredients, these allegations "preclude Defendant's reliance on the back-label ingredients list" on a motion to dismiss.  108 F.4th at 782.  Here, the front label does not state that the product is "all natural," "100% natural," or "free of artificial ingredients."  (See Doc. No. 23-4 at 2–3.)  Thus, a reasonable consumer would not interpret the front label as "unambiguously representing" that Wiley Wallaby's Very Berry Licorice does not contain artificial ingredients.  Accordingly, the Court must consider both the front and the back label in determining whether a reasonable consumer would be deceived by the packaging.  See Mcginity, 69 F.4th at 1098.

1    As such, Plaintiff has failed to state a claim for violation of the CLRA, and the Court

2    dismisses the claim with prejudice.  See Moore, 4 F.4th at 882–83 ("[W]here plaintiffs base

3    deceptive advertising claims on unreasonable or fanciful interpretations of labels or other

4    advertising, dismissal on the pleadings may well be justified.").  Because Plaintiff has

5    failed to state a plausible claim of deception, Plaintiff's unjust enrichment and breach of

6    express warranty claims also fail.  See Weiss, 838 F. App'x at 303 (affirming dismissal of

7    warranty claims premised on the "exact same representations as [the plaintiff's] consumer

8    protection claim"); Girard, 316 F. App'x at 563 (an "unjust enrichment claim also fails"

9    when a defendant's "non-deceptive advertising does not entitle [the plaintiff] to

10   restitutionary relief" (citation omitted)).

## C.    Standing to Pursue Injunctive Relief

12       Defendant moves to dismiss Plaintiff's claim for injunctive relief on the grounds that

13   Plaintiff lacks standing to pursue such relief.  (Doc. No. 23-1 at 25–28.)  Plaintiff's CLRA

14   claim seeks an order enjoining Defendant from engaging in alleged deceptive labeling

15   practices.  (FAC at 22.)  Prospective injunctive relief requires a plaintiff to show a threat

16   of future injury that is "actual and imminent, not conjectural or hypothetical." Summers

17   v. Earth Island Inst., 555 U.S. 488, 493 (2009).  "[A] previously deceived consumer may

18   have standing to seek an injunction against false advertising or labeling, even though the

19   consumer now knows or suspects that the advertising was false at the time of the original

20   purchase, because the consumer may suffer an 'actual and imminent, not conjectural or

21   hypothetical' threat of future harm." Davidson, 889 F.3d at 969 (quoting Summers, 555

22   U.S. at 493).  To establish standing, the previously deceived consumer must sufficiently

23   allege "an imminent or actual threat of future harm caused by [the] allegedly false

24   advertising," such as a desire to purchase the product again in the future. Id. at 970.

25       Upon review of Plaintiff's FAC, Plaintiff does not sufficiently allege that he seeks

26   or intends to purchase Wiley Wallaby Very Berry Licorice again.  (See FAC ¶ 73

27   ("Defendant [sic] would like to purchase the Products and other products produced by

28   Plaintiff [sic] in the future, but cannot currently do so because he cannot rely on the

Products' labelling, given the deceptions regarding flavoring found there.".) And even construing this allegation in the light most favorable to Plaintiff, Plaintiff yet again fails to allege any facts in his FAC that plausibly demonstrates "a real and immediate" threat of repeated injury in the future. (See FAC); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 953 (9th Cir. 2011). Plaintiff's future harm is thus "conjectural or hypothetical" and not "actual and imminent." Summers, 555 U.S. at 493.

Plaintiff cites to Davidson arguing that it supports his argument that he has standing to bring a claim for injunctive relief. (Doc. No. 25 at 29.) Davidson is distinguishable because the plaintiff in that case alleged a desire to purchase the product again. See Davidson, 889 F.3d at 971. Plaintiff failed to do so here. (See FAC ¶ 73.) And even assuming Plaintiff had sufficiently alleged a desire to purchase the product again, unlike in Davidson, in which the plaintiff faced a future injury because she still could not rely on the defendant's claims about its products' "flushability" without first purchasing and using the flushable wipes, 889 F.3d at 971–72, Plaintiff admits that he now has knowledge that enables him to make an appropriate choice with respect to Wiley Wallaby Very Berry Licorice. (See FAC ¶¶ 22–28, 42–43); see also Fernandez, 2018 WL 280028, at *15 (holding that the plaintiff lacked standing to pursue injunctive relief because the plaintiff "now [knew] how Atkins goes about calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or Target and looks at Atkins's labels"). Thus, there is no longer any risk that Plaintiff will be misled the next time he looks at a Wiley Wallaby Very Berry Licorice label.

Plaintiff attempts to cure these deficiencies by alleging that he "has not merely alleged an 'informational' injury, but has also alleged that Defendant has been enabled to charge a price premium for the Products." (FAC ¶ 74.) Thus, Plaintiff alleges that compliance with the governing regulations would "cause a decrease in the price of the Products at which Plaintiff and the Class would be willing to buy the Products." (Id.) On this basis, Plaintiff concludes that he has alleged an economic injury that "further supports prospective injunctive relief." (Id.) But again, Plaintiff admits that he has knowledge of

the product's flavoring and ingredients.  (See FAC ¶¶ 22–28, 42–43.)  Thus, there is no longer any risk that Plaintiff will be mislead the next time he looks at the product's label.  And again, Plaintiff's allegation that an injunction would drive down the price of Defendant's product is based on pure conjecture and is insufficient to state a cognizable claim for injunctive relief.  See, e.g., Champan, 631 F.3d at 953; Summers, 555 U.S. at 493 (2009).

Accordingly,  Plaintiff lacks standing to pursue his claim for injunctive relief and that claim is dismissed.  See, e.g., Davidson, 889 F.3d at 969; Brand v. KSF Acquisition Corp., No. 22-cv-00392-LAB, 2023  WL 3225409, at *3 (S.D. Cal. Mar. 17, 2023) (granting motion to dismiss claims for injunctive relief where the first amended complaint failed to allege that the plaintiff intended to purchase the products again); Grausz v. Kroger Co., No. 19-cv-00449-TWR-AGS, 2021 WL 5534706, at *6 (S.D. Cal. Jan. 22, 2021) (holding that the plaintiff lacked standing to seek injunctive relief because "Plaintiff's professed intent to purchase Defendant's Product in the future is wholly contingent on a reformation of the Product," making "the threat that Plaintiff would be unable to rely on Defendant's representation in the future [] too conjectural or hypothetical to establish Article III standing").

### D.    Plaintiff's Claims for Equitable Relief

Next, Defendant moves to dismiss Plaintiff's claims to the extent they seek equitable relief, arguing that Plaintiff fails to allege inadequacy of legal remedies.  (Doc. No. 23-1 at 28–29.)  The Court agrees.  "[E]quitable relief is not appropriate where an adequate remedy exists at law."  Schroeder v. U.S., 569 F.3d 956, 963 (9th Cir 2009).  A plaintiff "must establish that []he lacks an adequate remedy at law before securing equitable restitution for past harm under the . . . CLRA."  Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (citations omitted).

Here, Plaintiff's CLRA claim seeks relief in the form of monetary damages in addition to equitable relief.  (FAC ¶¶ 79, 80.)  Plaintiff also alleges an unjust enrichment claim, which seeks equitable relief.  (Id. ¶¶ 81–88.)  Upon review of Plaintiff's FAC,

Plaintiff has failed to plead any facts establishing that he lacks an adequate remedy at law. (<u>See</u> FAC.)  "[A] party seeking equitable relief must specifically plead the inadequacy of monetary damages in federal court." <u>Martinez v. Ford Motor Co.</u>, No. 22-cv-01082-MMA, 2022 WL 14118926, at *8 (S.D. Cal. Oct. 24, 2022) (citations omitted).  Plaintiff failed to do so here.

Plaintiff argues that his claims for equitable relief are pleaded in the alternative and such alternative pleading is permitted under the law.  (Doc. No. 25 at 31.)  While Plaintiff may plead claims for equitable relief in the alternative at the pleading stage, <u>see</u> <u>Johnson-Jack v. Health-Ade LLC</u>, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022), "[P]laintiff must, at a minimum, plead that []he lacks adequate remedies at law if []he seeks equitable relief." <u>Guthrie v. Transamerica Life Ins. Co.</u>, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis removed) (citations omitted); <u>see also</u> <u>Martinez</u>, 2022 WL 14118926, at *8.  And again, Plaintiff's FAC contains no allegations establishing that Plaintiff's legal remedies are inadequate.  (<u>See</u> FAC.)  Accordingly, to the extent Plaintiff's claims seek equitable relief, they are dismissed because Plaintiff failed to state a claim for equitable relief.  <u>See, e.g.</u>, <u>Sonner</u>, 971 F.3d at 844; <u>Freund v. HP, Inc.</u>, No. 22-cv-03794-BLF, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (granting motion to dismiss claims for equitable relief because the plaintiffs failed to plead that they lack an adequate remedy at law).

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons above, the Court grants Defendant's motion to dismiss, and the Court dismisses Plaintiff's FAC.  Because the deficiencies identified above cannot be cured by amendment of the FAC, the Court dismisses Plaintiff's FAC without leave to amend.  See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (citation omitted)). The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: September 12, 2024

_____

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT